**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3635-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD CHIPPERO, a/k/a
RICHARD J. CHIPPERO,

     Defendant-Appellant.

_____

          Submitted May 6, 2026 – Decided July 30, 2026

          Before Judges Currier and Smith.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 91-09-1510.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

          Linda Estremera, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After his conviction on murder and weapons charges, defendant Richard Chippero appeals the trial court's order denying his motion for a new trial, contending that the court misapplied the Szemple[1] factors. Defendant also argues that the court committed error prior to deciding the motion for a new trial by finding that he withdrew his motion for resentencing. For the reasons which follow, we affirm.

I.

In 1995, defendant was convicted of the aggravated sexual assault and murder of Ermina Rose Tocci. He was also convicted of related weapons and hindering charges. Defendant was sentenced to an aggregate two terms of life in prison, with fifty-five years of parole ineligibility. In 2000, the Supreme Court reversed his convictions, and remanded for a second trial. State v. Chippero, 164 N.J. 342 (2000). At the 2003 second trial, defendant's confession to police was excluded. Nonetheless, a jury again convicted defendant of Tocci's murder, as well as related weapons charges. This time, he was sentenced to a single life term, with thirty years parole ineligibility. After a series of direct appeals, the Supreme Court affirmed the second conviction, noting that the second jury found defendant guilty of purposeful or knowing

---

[1] State v. Szemple, 247 N.J. 82 (2021).

A-3635-23

murder, N.J.S.A. 2C:11-3(a)(1) to (2).  State v. Chippero, 201 N.J. 14, 24 (2009).  In 2014, we affirmed the denial of defendant's motion for post-conviction relief.

Defendant moved for a new trial and resentencing in 2022.  Judge Thomas Abode heard the matter on July 8, 2024, and denied the application in a cogent and concise written statement of reasons.  Judge Abode found defendant:  had knowingly and voluntarily withdrawn, without prejudice, his motion for resentencing; understood that he would be free to make his resentencing motion at a future date; and failed to show that recent scientific research on adolescent brain development represented newly discovered evidence that satisfied Szemple.

Defendant appealed, contending the judge erred by:  finding he withdrew his motion for resentencing; and misapplying Szemple.

II.

A.

"A trial court's ruling on a motion for a new trial 'shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law.'" State v. Armour, 446 N.J. Super. 295, 305 (App. Div. 2016) (quoting R. 2:10-1).  "[A] motion for a new trial is addressed to the sound discretion of the trial

judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse [of discretion] has been shown." Id. at 306 (first alteration in original) (quoting State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000)). "Questions of law are reviewed de novo." State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020) (citing State v. Miles, 229 N.J. 83, 90 (2017)).

B.

Rule 3:20-2 states "[a] motion for a new trial based on the ground of newly[]discovered evidence may be made at any time . . . ." A new trial is warranted if the movant can show that the newly discovered evidence is: "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." Szemple, 247 N.J. at 99 (quoting State v. Nash, 212 N.J. 518, 549 (2013)). Failure to meet any of the three prongs must result in denial of the motion for a new trial. Ibid.

A-3635-23

III.

A.

As a threshold matter, we briefly comment on defendant's argument that the judge mistakenly found that defendant knowingly and voluntarily waived his motion for resentencing. We conclude that this argument is without merit.

The July 8, 2024 motion hearing transcript clearly shows defendant withdrew his motion for resentencing after conferring with counsel. Defendant answered in the affirmative when the judge asked him if he was withdrawing the motion freely and voluntarily. Finally, defendant indicated that he understood that the withdrawal was without prejudice and that he could refile the motion at a future date if he wished to do so.

B.

Defendant's substantive argument is that the motion judge committed error by improperly creating a bright-line rule regarding when the adult brain matures, causing the judge to misapply the Szemple factors. We disagree.

In the record before us, defendant details a lengthy psychiatric history, which includes defendant's multiple hospitalizations due to acute mental and emotional health episodes during his grade school and high school years. In his motion for new trial, defendant submitted, via transcript, the testimony of

Dr. Laurence Steinberg, a professor of psychology, with a specialty in developmental psychology. Dr. Steinberg's testimony was elicited in an unrelated criminal court matter in the United States District Court for the District of Connecticut. See United States v. Cruz, No. 94-CR-112, 2021 U.S. Dist. LEXIS 68857, at *5-6 (D. Conn. Apr. 9, 2021). Defendant cites portions of Steinberg's trial testimony in his merits brief, including the following statement,

> [i]f what you mean . . . is when is everything completed in all systems of [the] brain both with respect to psychological functioning as well as brain development, I think that the concessions would be that this is not the case until people are maybe 22 or 23 years old.

We analyze the record using the Szemple factors.

We note that factor two, whether the evidence was discovered after trial and could not have been discovered through reasonable diligence beforehand, is undisputed by the parties. The record shows that the brain science and psychology research Dr. Steinberg relied upon became generally accepted in the field after defendant's 2009 conviction. Because factor two has been met, the case turns on the analysis of Szemple factors one and three.

We turn to factor one under Szemple, materiality.

Defendant argues that the judge improperly found the "newly discovered" scientific evidence was not material because the judge found defendant was eleven days short of his twenty-fourth birthday, and therefore just past the age where his brain development and capacity for mature decision making was "complete." Defendant argues that this approach is error, and there is no bright line rule establishing a boundary beyond which the developing brain matures in a person's third decade. In our view, defendant's arguments miss the mark.

Dr. Stenberg's testimony is not material to this appeal because he testified in an unrelated criminal matter not involving defendant. Additionally, this unrelated opinion testimony from another jurisdiction involved the general comparison of an adolescent brain to an adult brain. Here, defendant was an adult, twenty-three years of age, at the time he committed his crimes in 1991. The record shows no expert testimony which considers defendant's behavioral history and what, if any relationship there was to the commission of the offenses. In addition, Dr. Steinberg is not testifying regarding defendant's brain. Given our deferential standard, we discern no abuse of discretion by Judge Abode in finding defendant failed to meet the materiality requirement of Szemple.

A-3635-23

Next, we consider <u>Szemple</u> factor three, whether the newly discovered evidence would change the jury verdict.

Defendant has failed to show that, even if the adolescent brain science opinion imported from another case was material, it would "probably change" the jury's verdict. <u>Szemple</u>, 247 N.J. at 99. The second jury found defendant had committed knowing or purposeful murder, determining, as the finder of fact, that he had the requisite state of mind for the crime of first-degree murder. The conviction was affirmed on appeal. The jury determined that there was sufficient evidence to find defendant guilty and we affirmed on direct appeal. We conclude that Judge Abode did not abuse their discretion in its <u>Szemple</u> factor three analysis.

We are satisfied that the judge correctly analyzed the record through the lens of the <u>Szemple</u> factors and engaged in a proper exercise of discretion when he denied defendant's motion for a new trial. We easily conclude that there was no miscarriage of justice here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3635-23